# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv453

| | |
|---|---|
| IN RE:  )<br>ALAN LEWIS ROBINSON,  )<br>  )<br>    Debtor.  )<br>    Chapter 7 Case No.: 09-11109  )<br>_____)<br>  )<br>ALAN LEWIS ROBINSON,  )<br>  )<br>    Appellant,  )<br>  )<br>    vs.  )<br>  )<br>ROBERTS & STEVENS, P.A.,  )<br>  )<br>    Appellee.  )<br>_____)  | **O R D E R** |

**THIS MATTER** is before the Court on the following:

1. The Appellant's *pro se* Notice of Appeal [Doc. 1];

2. The Appellant's *pro se* Notice of Withdrawal of *Pro Se* Appeal [Doc. 2];

3. The submission by the United States Bankruptcy Court for the Western District of North Carolina of an Order in the underlying bankruptcy case [Doc. 3];

1

4. The submission by the United States Bankruptcy Court for the Western District of North Carolina of a Notice of Appeal filed by counsel for the Appellant in the underlying bankruptcy case [Doc. 4];

5. The Appellant's Motion for Leave to Appeal pursuant to Rule 8003 of the Bankruptcy Rules of Procedure [Doc. 5];

6. The submission by the United States Bankruptcy Court for the Western District of North Carolina of the Appellant's *pro se* Amendment for Leave to Appeal pursuant to Rule 8003 of the Bankruptcy Rules of Procedure filed in the underlying bankruptcy case [Doc. 6];

7. The submission by the United States Bankruptcy Court for the Western District of North Carolina of the Appellant's Amended Motion for Leave to Appeal pursuant to Rule 8003 of the Bankruptcy Rules of Procedure filed in the underlying bankruptcy case [Doc. 7-2];

8. The submission by the United States Bankruptcy Court for the Western District of North Carolina of a Response to Motion for Leave to Appeal pursuant to Rule 8003 of the Bankruptcy Rules of Procedure filed in the underlying bankruptcy case [Doc. 7-3];

9. The Memorandum from the United States Bankruptcy Court for the Western District of North Carolina [Doc. 8]; and

10. The Appellant's *pro se* Motion for Extension of Time for 30 Days to Prepare Transcripts for the District Appellate Division of my Bankruptcy/Involuntary Chapter 7 Appeal [Doc. 9].

**PROCEDURAL HISTORY**

On November 25, 2009, Hon. George R. Hodges, United States Bankruptcy Judge, granted the Trustee's motion to modify the Appellant's Chapter 13 bankruptcy and converted the bankruptcy to a Chapter 7 liquidation. [Doc. 1, at 18]. No appeal was taken from this Order. On the same day, the Appellant filed a *pro se* motion for voluntary dismissal of the Chapter 13 case. [Id., at 17]. Judge Hodges denied that motion and ruled that the dismissal was ineffective because he had already converted the case to Chapter 7. [Id.]. The Bankruptcy Court's order denying the motion for voluntary dismissal was entered on December 1, 2009. [Id., at 17].

The Appellant then filed a *pro se* motion to reconsider the denial of the motion for voluntary dismissal. [Id., at 15]. That motion was denied on December 4, 2009. [Id., at 15-16]. On December 15, 2009, the Appellant filed a *pro se* notice of appeal in which he sought to appeal the denial of his motion for voluntary dismissal of the Chapter 13 case and the denial of the motion to reconsider. [Doc. 1]. The Appellant did not appeal the Bankruptcy

Court's Order converting the case to a Chapter 7 proceeding. In the notice of appeal, the Appellant noted that the appeal was interlocutory and required leave to appeal. [Id., at 2]. Attached to the notice of appeal was a *pro se* brief. [Id., at 4-14].

On January 15, 2010, two attorneys, Angela Beeker and Dawn Skerrett, filed a Notice of Withdrawal of *Pro Se* Appeal. [Doc. 2]. In that document, counsel state that the "Appellant received an extension of time from Judge Hodges to give co-counsel adequate time to withdraw this appeal and to re-file it with the Bankruptcy Court." [Id.]. They did not attach a copy of the order from Bankruptcy Court.

On January 25, 2010, the Bankruptcy Court submitted to this Court a copy of an Order entered by Judge Hodges on January 8, 2010. [Doc. 3]. In that Order, Judge Hodges granted the Appellant's motion for an extension of time within which to file a notice of appeal and provided an extension through January 22, 2010 to file a notice of appeal. [Id.]. In his Order, Judge Hodges specifically directed the extension of time to the Appellant's appeal of the December 1, 2009 order denying the motion for voluntary dismissal of the Chapter 13 proceeding and the December 4, 2009 order denying reconsideration thereof. [Id., at 1, 3]. The Order makes no mention of the

4

November 25, 2009 Order converting the Appellant's case to a Chapter 7 proceeding and there was no extension of time provided to appeal that Order. [Id.].

The Appellant's attorneys filed the second notice of appeal in Bankruptcy Court on January 15, 2010. [Doc. 4]. In that notice, they stated that the appeal is from the

> order of the bankruptcy judgment entered on December 4, 2009 denying Debtor's motion for reconsideration, order of the bankruptcy judge entered on December 1, 2009, denying Debtor's motion for voluntary dismissal of Chapter 13 petition/case, *order of the bankruptcy judge on November 24, 2009 involuntarily converting Debtor's Chapter 13 case to Chapter 7*.

[Doc. 4, at 1] (emphasis provided). Counsel did not file a statement of issues on appeal or a designation of items to be included in the record. Bankruptcy Rule 8006.[1] Instead, on January 18, 2010, counsel filed in the record of the bankruptcy court case a motion for leave to appeal which was subsequently submitted to this Court on January 25, 2010. [Doc. 5]. Counsel filed an amended motion for leave to appeal on January 21, 2010. [Doc. 7-2].

On January 22, 2010, the Appellant, acting *pro se*, filed an amendment

---

[1]Bankruptcy Rule 8006 requires that these items be filed within fourteen days of the filing of the notice of appeal. Where leave to appeal is required, these items must be filed within fourteen days of an order granting leave to appeal. Bkr.R. 8006.

to the motion. [Doc. 6].

On February 10, 2010, the Bankruptcy Court submitted a filing made by R. Kelly Calloway, Jr. in that Court. [Doc. 7-3].

The Bankruptcy Court notified this Court on February 11, 2010 that the Appellant had failed to file a designation of items to be included in the record and a statement of issues to be presented on appeal. [Doc. 8]. Apparently in response, the Appellant filed a *pro se* motion for an extension of time within which to "prepare transcripts." [Doc. 9]. In that document, the Appellant disclosed that his attorneys were no longer representing him. [Id.].

**DISCUSSION**

It is first noted that the Appellant, through counsel, attempted to bootstrap an appeal of the November 25, 2009 Order converting the Appellant's Chapter 13 case to a Chapter 7 proceeding. That attempt fails because any such appeal is untimely. Judge Hodges' Order granting an extension of time within which to appeal was limited to an appeal from his Order of December 1, 2009 which denied the motion for voluntary dismissal and the Order of December 4, 2009 which denied the motion for reconsideration. Since the Appellant did not receive an extension of time within which to appeal the November 25, 2009 Order, any attempt to appeal

6

contained within the January 15, 2010 notice is untimely. The Court therefore dismisses any such appeal as untimely.

As counsel for the Appellant recognized, the orders from which appeal is sought are interlocutory orders which require leave to appeal.[2]

> A motion for leave to appeal under 28 U.S.C. §158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

Bkr.R. 8003(a).

The Appellant has provided a statement of facts in which he makes the following allegations. The attorney he hired to represent him in connection with the Chapter 13 filing advised him that filing a Chapter 13 petition would save the Appellant's residence from foreclosure and that during the bankruptcy, the Appellant was not required to pay the mortgage. [Doc. 7-2, at

---

[2]The fact that counsel moved for leave to appeal is telling. An order converting a case from Chapter 13 to Chapter 7 is not interlocutory and no leave would be required. In re Fraidin, 110 F.3d 59 (4th Cir. 1997) ("[T]he bankruptcy court's conversion order was immediately appealable."); In re Rosson, 545 F.3d 764, 770 (9th Cir. 2008) ("We therefore hold, in accordance with all other courts of which we are aware that have considered the issue, that a bankruptcy court order converting a case from one under another chapter of the Bankruptcy Code to one under Chapter 7 is a final and appealable order."). However, the orders denying voluntary dismissal and reconsideration thereof are interlocutory and require permission. See, In re Davis, 144 Fed.Appx. 200 (2nd Cir. 2005).

7

1-3]. Counsel agreed to move for special circumstances in order to postpone foreclosure and to provide time for the Appellant to sell the house. [Id.]. Counsel also agreed to falsify Schedule J of the petition. [Id.]. The Appellant notes that the petition was filed, the motion for special circumstances was filed and a motion for a stay was filed. [Id., at 3]. The motion to stay was denied because the Bankruptcy Court found the Chapter 13 petition had not been filed in good faith. [Id.]. The Appellant did attend the meeting of the creditors but did not have the first plan payment because his attorney did not tell him it was necessary. [Id.]. At that meeting, the attorney disclosed that the Appellant, without permission from the Bankruptcy Court, had conveyed his interest in the residence to his mother and obtained a reverse mortgage in order to pay off the mortgage holder. [Id.]. As a result, the trustee moved to dismiss the Chapter 13 petition. [Id., at 4]. The Appellant did not attend the hearing on this motion because his attorney told him he did not need to appear. [Id.]. The Appellant filed a motion to voluntarily dismiss the Chapter 13 petition at 2:33 p.m. on November 25, 2009 but it was not entered into the electronic docket until 3:29 p.m. [Id.]. Judge Hodges' Order converting the case to a Chapter 7 proceeding was filed at 3:10 p.m. [Id.].

Kelly Calloway, Jr. was the attorney who represented the Appellant in

his Chapter 13 proceeding. [Doc. 7-3]. He has filed a response to the allegations contained within the Appellant's statement of facts in which he refutes the Appellant's claims. [Id.]. Mr. Calloway does explain, however, that due to his ethical obligations, he was required to inform the Bankruptcy Court that the Appellant had conveyed his interest in the residence and obtained a reverse mortgage without court approval. [Id., at 8-9].

In its Order converting the Chapter 13 case to a Chapter 7 proceeding, Judge Hodges noted that a post-petition conveyance without authority of the Court had been made by the Appellant and that the conveyance was fraudulent. [Doc. 7-2, at 14].

With the exception of the date and time when the Appellant claims he filed his motion to voluntarily dismiss the petition, the purported facts contained in the motion for leave to appeal all relate to the conversion of the Chapter 13 petition to a Chapter 7 case. As such, they do not meet Rule 8003's requirement that a motion for leave to appeal contain a statement of facts necessary to understand the questions to be presented on appeal.

Likewise, the Appellant listed the questions to be presented on appeal as including whether the involuntary conversion violated his due process rights. [Doc. 7-2, at 6]. Since there is no appeal from the November 25, 2009

9

Order of conversion, these questions are not a part of this appeal or pertinent to the appeal.

In the Order denying the Appellant's motion for voluntary dismissal of the Chapter 13 petition, Judge Hodges ruled as follows:

> The court conducted a hearing on the Trustee's Motion on November 24, 2009. The debtor did not appear. The Trustee raised questions about a possible post-petition real estate transfer by the debtor without court approval, which if true, would constitute serious misconduct by the debtor. Consequently, at the November 24, 2009 hearing the court converted the debtor's Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code. On November 25, 2009, at 3:10 p.m. EST the court entered its own Order Affecting Plan by which the case was converted to Chapter 7. About 20 minutes later the court docketed the debtor's handwritten "request [for] voluntary dismissal" of his Chapter 13 case. The debtor's request ... is not effective because it occurred after his case had been converted to a Chapter 7 case – which does not permit a voluntary dismissal. Moreover, to permit the debtor to dismiss his case – if there has been an improper transfer of property – would work a fraud on his creditors.

[Doc. 7-2, at 10].

In the motion for leave to appeal, the Appellant claims that denying him the right to voluntarily dismiss the petition violated his due process rights because he did not have notice and an opportunity to be heard. He also claims that ruling on his motion to reconsider without a hearing violated the same rights. He claims the appeal involves "substantial constitutional due

process issues," a "matter of public importance," and "questions of law as to which there is no controlling decision." [Doc. 7-2, at 6]. None of the reasons cited in support of allowing an appeal addresses the Court's holding that permitting the Appellant to dismiss his case when there has been a fraudulent conveyance of property would defraud creditors. The Court finds that the motion for leave to appeal does not properly address the factors listed in Rule 8003. In re Fillard Apartments, Ltd., 104 B.R. 480, 481 (S.D.Fla. 1989) (denying leave for failure to comply); *accord*, In re Campbell, 48 B.R. 820, 822 (D.C. Colo. 1985); Mitchell v. Smith, 2004 WL 1326477 (S.D.Iowa 2004). This failure alone warranted denial of the motion.

Section 158(a)(3) of Title 28 provides that district courts have jurisdiction to hear appeals of interlocutory orders of bankruptcy judges with leave of court.

> Section 158(c) ... provides that bankruptcy appeals 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts.' Accordingly, although section 158 provides no direct guidance concerning the grant or denial of leave to appeal interlocutory orders, many courts apply an analysis similar to that employed by the district court in certifying interlocutory review by the circuit court of appeals under 28 U.S.C. §1292(b).

In re Hickory Ridge, LLC, 2010 WL 2816670 **1 (N.D.W.Va. 2010), *quoting* Atlantic Textile Group, Inc. v. Neal, 191 B.R. 652, 653 (E.D.Va. 1996).

11

Section 1292(b) of Title 28 provides that leave to appeal an interlocutory order may be granted when it involves (1) a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b). Counsel for the Appellant has merely mimicked this standard in the motion.

For example, Appellant has not identified the purported "controlling question of law" and has not cited a single case in support of the his position. In re National Metalcraft Corp., 211 B.R. 905, 907 (8th Cir. 1997) (the appeal does not place before the court solely an issue of law). The Fourth Circuit has stated that an order involves a "controlling question of law" when reversal of the bankruptcy court's order would be dispositive of the case as either a legal or practical matter and determination of the issue on appeal will materially affect the outcome. In re Rood, 426 B.R. 538, 548 (D.Md. 2010), *citing* Fannin v. CSX Transp., Inc., 1989 WL 42583 **5 (4th Cir. 1989). Reversal of the Bankruptcy Court's refusal to allow a voluntary dismissal of the Chapter 13 petition will not terminate the case because the Bankruptcy Court had already ordered conversion of the case to Chapter 7. Id. "While ongoing bankruptcy proceedings do not preclude review of an order which finally

adjudicates a relevant unit of the case, the denial [of the motion for voluntary dismissal] did not resolve any discrete segment of the bankruptcy proceedings" because the case had already been converted and no appeal from that order was taken. In re M&S Grading, Inc., 526 F.3d 363, 368-69 (8th Cir. 2008). The purported appeal therefore does not involve a controlling question of law. In re Rood, 426 B.R., at 549 (because there is no controlling question of law, the remaining two factors of §1292(a) are moot).

Nor is there any explanation of the manner in which the appeal would materially advance the bankruptcy proceeding. Because the case has already been converted to a Chapter 7 proceeding, any ruling reversing the order so as to allow the Appellant's motion for voluntary dismissal would be futile. In re National Metalcraft, 211 B.R. at 907 (interlocutory appeal not appropriate if issue rendered moot); In re Buccolo, 2009 WL 1610100 (3rd Cir. 2009). To the contrary, the appeal appears to have been taken solely to prolong matters. Id.; Mitchell, 2004 WL 1326477. (the appeal would only slow down the bankruptcy action). Interlocutory appeals should be granted only in exceptional circumstances. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). The Appellant has not shown "that exceptional circumstances justify a departure from the basic policy of

postponing appellate review until after the entry of a final judgment." Id.  In fact, the Appellant has not alleged, much less shown, that any issue he seeks to raise on appeal could not be raised at the conclusion of the case. Matter of Magic Restaurants, Inc., 202 B.R. 24, 26 (D.Del. 1996) (failure to show exceptional circumstances justifying need for immediate review).

The problem with the Appellant's case is that he did not appeal Judge Hodges' Order converting his Chapter 13 case to a Chapter 7 liquidation.

> Rather than waiting for a procedurally clean case, the [Appellant] attempted to cure [his] procedural problem[] with this case by moving [to dismiss and then] for reconsideration of the interlocutory order in question and then assaying a[n] appeal from the bankruptcy court's denial of that motion.  In so doing, [he] created other procedural problems[.]
>
> ...
> But the [Appellant] failed to file a timely notice of appeal from [the] decision [to convert his case].  Despite this omission, the [Appellant's] present notice of appeal purports to appeal not only from the bankruptcy court's recent denial of [his] motion for reconsideration but also from the original [conversion order] itself. ... "[This, however,] does not automatically produce a Lazarus-like effect; it cannot resurrect appellant['s] expired right to contest the merits of the underlying [conversion], nor bring the [order] itself before [the appellate court] for review."

In re Weaver, 319 Fed.Appx. 1 (1st Cir. 2009) (citations omitted); Gregory v. United States Bankruptcy Adm'r, 302 Fed.Appx. 216 (4th Cir. 2008).  The Appellant's attempt to seek relief from this Court is premature.  As a result, the

Court will not grant leave to appeal but will remand this case to the Bankruptcy Court. Id. (dismissing appeal to the Fourth Circuit).

In short, the Appellant did not appeal from the Order converting Appellant's case from a Chapter 13 to a Chapter 7. The conversion is, therefore, an accomplished fact. The question the Appellant presents, whether he may dismiss his Chapter 13 proceeding, if therefore purely academic because no Chapter 13 proceeding remains pending. Appellant has made no motion to dismiss the Chapter 7 and has made no argument pertinent to a dismissal of a Chapter 7 proceeding. No such issue is before the Court. Since the only question presented is of no consequence to the progress of the Bankruptcy proceeding, there is no point to allowing an interlocutory appeal. Such appeal, even if allowed, would accomplish nothing - a fool's errand for the parties and the Court. The Court, therefore, declines to allow this interlocutory appeal.

## ORDER

**IT IS, THEREFORE, ORDERED** as that the Appellant's Motion for Leave to Appeal pursuant to Rule 8003 of the Bankruptcy Rules of Procedure [Doc. 5]; the Appellant's *pro se* Amendment for Leave to Appeal pursuant to Rule 8003 of the Bankruptcy Rules of Procedure [Doc. 7]; and the Appellant's

Amended Motion for Leave to Appeal pursuant to Rule 8003 of the Bankruptcy Rules of Procedure [Doc. 7-2] are hereby **DENIED.**

**IT IS FURTHER ORDERED** that to the extent the Appellant attempted to appeal from the November 25, 2009 order converting his Chapter 13 case to a Chapter 7 case, such appeal is untimely and **DISMISSED**.

**IT IS FURTHER ORDERED** that the Appellant's *pro se* Motion for Extension of Time for 30 Days to Prepare Transcripts for the District Appellate Division of my Bankruptcy/Involuntary Chapter 7 Appeal [Doc. 9] is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that this matter is hereby **REMANDED** to the United States Bankruptcy Court.

Signed: September 9, 2010

Martin Reidinger
United States District Judge